# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SABRE OXIDATION TECHNOLOGIES, INC., § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-04-3115 |
| § | |
| ONDEO NALCO ENERGY SERVICES LP, *et al.,* § § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This declaratory judgment action was filed to resolve one issue: inventorship. Plaintiff seeks a declaration as to whether Cruise K. Jones and David B. Acker are properly named as coinventors of Patent 6,169,134 (the '134 Patent), and, if not, who is the correct sole inventor.

This suit was filed by the licensee of the '134 Patent, Sabre Oxidation Technologies, Inc. (SOTI). One of the declaratory judgment defendants, Ibex Chemicals, Inc., has filed a motion asking this court to abstain from deciding this suit, or, in the alternative, to stay or dismiss this suit. Ibex asserts that there is a pending, previously-filed parallel state court suit that should resolve issues relating to which inventor is properly named on the '134 patent. (Docket Entry No. 14). SOTI and the declaratory judgment defendants have filed responses

opposing the effort to stop this federal action in favor of the state court suit. (Docket Entries No. 18, 22). Ibex has also filed a motion to dismiss, asserting that SOTI is no longer a licensee and that as a result, there is no justiciable issue before this court. (Docket Entry No. 26). SOTI has filed a response. (Docket Entry No. 29).

Based on the pleadings; the motion and responses; the parties' submissions; and the applicable law, this court denies the motion to abstain, stay, or dismiss, denies Ibex's second motion to dismiss, and sets a status conference for **September 26, 2005**, at 8:45 a.m. The reasons for the decisions are set out below.

**I.     Background**

The '134 Patent issued on January 2, 2001 to Nalco/Exxon Energy Chemicals, a predecessor of Ondeo Nalco Energy Services. The patented technology concerns a drilling mud additive. The '134 Patent listed David Acker and Cruise Jones as coinventors. Jones works for Ondeo, the successor to Nalco. Jones assigned his interest in the '134 Patent to Nalco in June 1998. Acker has worked at different times for Nalco, SOTI, and Ibex. He was listed as a coinventor on the '134 Patent. Acker also assigned his interest in the Patent in June 1998 to Nalco. SOTI, which is also in the oil field service business, obtained an exclusive license to the '134 Patent from Nalco, the record owner.

In 1999, Ibex, a company in the drilling mud business, sued Nalco, David Acker, and SOTI in state court, asserting claims to the '134 Patent. That suit was dismissed. Ibex filed suit against those parties in September 2001 in the Texas state court. In that state-court suit, Ibex asserted Texas state-law causes of action for breach of fiduciary duty, usurpation of

Ibex's corporate opportunities, misappropriation and misuse of Ibex's confidential information, unfair competition, conspiracy, fraud, conversion, and damages under the Texas Theft Liability Act, and a request for a declaration that Nalco had no ownership interest in the '134 Patent.

In the state-court suit, Ibex alleged that it has rights to the '134 Patent through Acker as a former employee and officer of Ibex; that Acker could not have assigned his interest to Nalco because of his relationship to Ibex; and that Jones is not an inventor and as a result had no interest to assign to Nalco. If Nalco had no interest in the '134 Patent, SOTI's license is invalid. SOTI filed this declaratory judgment action, asking this court to decide whether the '134 Patent, as issued, with coinventors Jones and Acker, is correct as to the inventors and, if not, which one of the coinventors is not an inventor. The clarification or correction of inventorship is sought under 35 U.S.C. § 256, which provides as follows:

> § 256.  Correction of named inventor.
>
> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue[ ] a certificate correcting such error.
>
> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly.

This section addresses separately two varieties of error in inventorship: misjoinder, or the erroneous listing of a person who is not an inventor; and nonjoinder, the failure to list a person who is an inventor.  This case involves possible misjoinder.

In the motion to abstain, stay, or dismiss, Ibex asserts that although federal courts have exclusive jurisdiction under 28 U.S.C. § 1338(a) to hear matters arising under federal patent law, and inventorship determinations under § 256 are within exclusive federal jurisdiction, the state-court case should nonetheless proceed first.  Ibex argues that the state court has jurisdiction to decide claims "related to allegations involving the misnaming of inventors." (Docket Entry No. 23, 2).  Ibex points out that the state court denied a motion to dismiss filed by Nalco and SOTI based on exclusive federal jurisdiction, and argues that the declaratory judgment action was filed to avoid a state court trial setting.

SOTI, Nalco, and Acker point out that although the state court judge denied motions to dismiss, the judge also abated the suit in order to permit this federal court to decide the issues presented under § 256: whether the inventors on the '134 Patent are correctly stated on the issued Patent and, if not, to correct the inventorship.  The state trial judge issued an order one month after this declaratory judgment action was filed, abating the state case "until a judgment of the federal district court is filed back in this Cause with a determination of the correct Inventors on Patent No. 6,169,134.B1."  (Docket Entry No. 18, Ex.).  Although the state court judge has determined that the federal issue of inventorship should be resolved first, Ibex nonetheless asserts that this court should abstain, stay, or dismiss in order to permit the abated state court case to proceed.

## II.     Ibex's First Motion to Dismiss:  The Issue of Abstention

The motion to dismiss or stay based on abstention raises the question of whether a court should exercise subject matter jurisdiction.  The request is properly considered under Fed.R.Civ.P. 12(b)(1), looking both to the allegations in the complaint and to other materials relating to the exercise of jurisdiction, including the materials relating to the state-court action.

The motion to abstain, stay, or dismiss must be denied on several different grounds. First, the declaratory judgment action seeking a correction of inventorship is within the exclusive jurisdiction of the federal courts. *See, e.g., MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568 (Fed. Cir. 1989); *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995).  The state court's decision to abate that case in order to permit the inventorship correction issue to be resolved first appears to acknowledge the exclusively federal nature of that issue.

Second, this record does not support abstention.  Ibex invokes *Colorado River* abstention. This doctrine, first enunciated in *Colorado River Water Conserv'n Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976), provides that a federal court may refuse jurisdiction in the face of duplicative or parallel state court proceedings when certain "exceptional circumstances" are present.  424 U.S. at 813.   Suits are parallel if "'substantially the same parties are litigating substantially the same issues simultaneously in two fora.'"  *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).  "The

Supreme Court has effectively told courts that abstention is appropriate only in 'exceptional circumstances' and has also emphasized that federal courts have a 'virtually unflagging obligation . . . to exercise jurisdiction given them.' Courts recognize a general presumption against abstention." *AXA Corp. Solutions v. Underwriters Reinsurance*, 347 F.3d 272, 278 (7th Cir. 2003). In the present case, because the inventorship issue will not be resolved in the state court case, the actions are not parallel and would not support abstention. If, as here, federal law controls the only claim raised in the federal case, that is a "major consideration" against abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 26, 103 S. Ct. 927 (1983).

Considering abstention under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88, 115 S. Ct. 2137 (1995) does not change the outcome. In that case, the Supreme Court stated that "*Brillhart* [*v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S. Ct. 1173 (1942)] makes clear that District Courts possess discretion in determining whether and when to entertain an action under the [Federal] Declaratory Judgment Act." Under *Brillhart,* courts must consider whether the controversy could be better settled in the state court proceeding, paying particular attention to the fact that it is ordinarily "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit when another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. The Supreme Court has also noted that *Brillhart* does not apply in all declaratory judgment actions, but only in "certain classes." *Quackenbush v. Allstate*

*Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712 (1996) (stating that the traditional powers of abstention arising in equity had been extended to some declaratory judgment cases).

"The question for a district court presented with a suit under the Declaratory Judgment Act . . . is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Wilton*, 515 U.S. at 282 (quoting *Brillhart*, 316 U.S. at 495). In this case, because the issue arises under federal law and cannot be resolved in the state court proceeding, *Brillhart* abstention is not available. A stay is no more available than abstention; "[a] stay is as much a refusal to exercise federal jurisdiction as a dismissal." *Moses H. Cone*, 460 U.S. at 28. Ibex's motion to abstain, stay, or dismiss is denied.

### III.     Ibex's Second Motion to Dismiss:  The Issue of a Justiciable Controversy

Ibex moves to dismiss on the ground that SOTI "no longer has an interest in or rights to the [License]Agreement and no interest in inventorship of the Patent." (Docket Entry No. 26, p. 2, ¶ 3). Ibex filed the motion two days after a June 1, 2005 letter from Acker providing notice that he sought assignment of the license, under paragraph 10.04 of the License Agreement. Ibex argues that the assignment of the license will make SOTI's declaratory judgment suit moot. SOTI responds by arguing that the License Agreement requires no response from SOTI to Acker's notice for 90 days; that the assignment demand from Acker may in itself be subject to arbitration; and that Ibex's allegations against SOTI and Nalco in the state court suit and the challenge to inventorship in that suit are sufficient to create a case or controversy in this case. *See Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001)

(an actual controversy in an inventorship dispute requires that the plaintiff seeking declaratory relief have a recognized interest in a patent that could be adversely affected by an action challenging inventorship, and that another party with a right to bring such an action has created an objectively reasonable apprehension on the part of the plaintiff that it will do so.). The motion to dismiss for lack of a justiciable controversy is denied on the basis of the present record.

**IV.     Conclusion and Order**

The motions to dismiss are denied. The parties are ordered to appear for a pretrial conference on **September 26, 2005, at 8:45 a.m.**, at which the status of any assignment to Acker, any demand for arbitration, and other issues affecting SOTI's ability to seek declaratory relief in this inventorship dispute will be discussed.[1]

SIGNED on September 6, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] This order grants SOTI's motion for a Rule 16 conference as an alternative to granting certain discovery. (Docket Entry No. 30). SOTI's request to require Ibex to produce settlement agreements will be addressed at the hearing set for September 26, 2005.